IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRIS J. JACOBS, III,

                Plaintiff,

v.                                                    OPINION and ORDER

SECRETARY OF DEPT. OF CORRECTIONS,                23-cv-419-jdp

                Defendant.

---

Plaintiff Chris J. Jacobs, III, appearing pro se, is currently incarcerated at Dodge Correctional Institution. Jacobs alleges that officials at various facilities have violated his rights in a variety of ways, including failing to give him proper nutrition, withholding or overcharging for legal supplies, and incarcerating him under invalid convictions.

Because Jacobs has not submitted the $402 filing fee, I construe his complaint as including a motion for leave to proceed in forma pauperis. But Jacobs has "struck out" under 28 U.S.C. § 1915(g), which states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least four prior occasions, Jacobs has brought actions or appeals that were dismissed because they were frivolous, malicious or failed to state a claim upon which relief may be granted. *Jacobs v. Prison Record Dep't*, No. 3:10-cv-140 (E.D. Wis. May 7, 2010); *Jacobs v. Gerber*, No. 09-3250 (7th Cir. Nov. 3, 2009); *Jacobs v. Huibregtse*, No. 08-1804 (7th Cir. July 22, 2008); *Jacobs v. Frank*, No. 2:07-cv-55 (E.D. Wis. Apr. 23, 2007). Therefore, he cannot

proceed in forma pauperis in this case unless I conclude that his allegations show that he is in imminent danger of serious physical injury.

To meet the "imminent danger" requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)).

Because the imminent-danger requirement applies to Jacobs's status at the time he filed his complaint, *id.*, the only set of allegations that could potentially meet this standard is his claim that staff at the Marathon County Jail disregarded doctors' orders to provide him with high-calorie, high protein meals to combat his severe weight loss. But the only defendant that Jacobs names in the caption of the complaint is the secretary of the Wisconsin Department of Corrections, who has no plausible connection to Jacobs's meals at the Marathon County Jail.

The remainder of Jacobs's allegations involve events at the Marathon County jail not implicating the imminent danger requirement (such as withholding or overcharging for legal supplies), discuss matters at other facilities at which he has been incarcerated, or concern what he believes are invalid convictions or parole revocations. He cannot proceed on non-imminent danger claims without prepaying the entire $402 filing fee for this case. And he cannot proceed with any claims about the validity of his imprisonment in a civil-rights lawsuit like this one. The Court of Appeals for the Seventh Circuit has barred him from filing any collateral attacks on his underlying convictions until he pays a $500 fine, *see Jacobs v. Dittmann*, No. 18-1434 (7th Circuit Mar. 7, 2018); and claims about his parole revocations belong in a petition for writ of habeas corpus.

Jacobs must choose which claims he would still like to pursue in this case. If he wishes to proceed in form pauperis only with his imminent-danger claims about the lack of adequate nutrition at the Marathon County Jail, he must submit (1) a copy of his trust fund account so that the court can calculate an initial partial payment of the filing fee; and (2) an amended complaint. If Jacobs would like to proceed with both his imminent-danger and non-imminent danger claims, he must submit: (1) the full $402 filing fee; and (2) an amended complaint.

Regardless which choice Jacobs makes, he should remember to do the following while drafting his amended complaint:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a violation of his rights.

- Identify all of the individuals who he wishes to sue in the caption of the complaint.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs. He should state his allegations as if he were telling a story to someone who knows nothing about the events.

I will direct the clerk of court to send Jacobs a copy of this court's prisoner complaint form. If Jacobs does not file an amended complaint by the deadline set below, I will dismiss this case for his failure to state a claim and the court will record a "strike" against him under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Chris Jacobs's complaint is DISMISSED.

2. Plaintiff may have until August 23, 2023, to respond to this order as directed in the opinion above.

3. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered August 2, 2023.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge